**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4289**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALAN BEVERLY,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (7:05-cr-01080-GRA-2)

———————

Submitted: March 21, 2008          Decided: April 8, 2008

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Falkner Wilkes, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Beverly pled guilty to conspiracy to distribute methamphetamine, 21 U.S.C. § 846 (2000), and was sentenced to 121 months in prison. Beverly now appeals. We affirm.

Beverly first contends that his probation officer improperly recommended that he be assigned one criminal history point in connection with a July 2000 charge of driving under the influence. Although Beverly claims that there was no "adjudication of guilt" on that charge, see U.S. Sentencing Guidelines Manual § 4A1.2(a)(1) (2005), the district court relied upon a court record showing that Beverly pled guilty to the offense. When challenging the district court's reliance on information in a presentence report, the defendant bears the burden of establishing that the information is incorrect. United States v. Love, 124 F.3d 595, 596 (4th Cir. 1998); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In light of the official court record establishing that Beverly entered a guilty plea, we conclude that Beverly did not meet his burden and that he was properly assigned one criminal history point for the offense.

Beverly also complains that he did not receive an anticipated downward departure based on his substantial assistance. Because Beverly did not raise this matter at sentencing, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993). After carefully examining the record, we discern no

- 2 -

such error in connection with this claim.  We note that the district court did not misunderstand its authority to depart, and any failure to depart is therefore not reviewable on appeal.  See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).  We also hold that the district court did not err in denying Beverly's motion for a continuance.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED